## WELLS v. THE SOUTHERN MINNESOTA RAILWAY COMPANY.

*(Circuit Court, D. Minnesota.   March, 1880.)*

RAILROAD—FORECLOSURE DECREE—TERMS "SERVANT" AND "EMPLOYE" CONSTRUED.—An act of the legislature of the state of Minnesota provided that in a foreclosure sale of a railroad, the court granting the foreclosure decree should provide in such decree, or otherwise, that the purchaser should "fully pay all sums due and owing by such * * foreclosed railroad company to any servant or employe of such company." *Held,* that the terms "servant" and "employe" did not include a secretary of such railroad company.

Cause tried before the court without a jury.

H. *Emmons* and *John B. Sanborn,* for plaintiff.

*H. J. Horn,* for defendant.

NELSON, J. The defendant company was organized after foreclosure and sale by the purchasers under an act of the legislature of the state of Minnesota, approved March 6, 1876.

This act contained the following proviso: "*Provided however,* that such court (the court granting decree) shall provide in such foreclosure decree, or otherwise, that such purchaser or purchasers, shall fully pay all sums due and owing by such defaulting and foreclosed railroad company to any servant or employe of such company."

In 1872 a suit was commenced to foreclose the Southern Minnesota Railroad Company, as to part of its line, by the trustees, under certain mortgages given to secure the bonds issued by the company. On November 23, 1873, a receiver was appointed, who took possession of the mortgaged property. A decree of foreclosure was entered May 27, 1874, and on December 27, 1876, the decree was modified so as to allow a sale in the interest of second lien holders, subject to the lien of the first mortgage bondholders, and on sale being made, February 10, 1877, the defendant company was organized by the purchasers.

The plaintiff brings this suit to recover compensation at the rate of $2,500 per annum, as secretary of the old company from June 1, 1874, at which time he claims he was elected, until June 19, 1876. At the time of his election the mortgaged property, including 167 miles of completed railroad, was in possession of the receiver, and the stockholders had no right to select their own agents for the management of the corporation; at least, the mortgaged property.

It is urged by the defendant that the act of March 6, 1876, which also contains this proviso, "that nothing herein contained shall be construed to change or impair the force of any decree of foreclosure heretofore made, or any of the terms or provisions thereof," relieves this defendant from the operation of this statute. It is unnecessary to decide this point,

as, from the view entertained, another objection is fatal to a recovery by the plaintiff.

The secretary, under the by-laws, is an officer of the company, and salaries due officers are not the "sums due and owing any servant or employe," which the new organization are required to fully pay.

The legislature intended to provide for the unpaid wages due servants or employes; that is, operatives of the grade of servants "who have not a different, proper and distinctive appellation, such as officers and agents of the company." See 37 N. Y. R. and cases cited.

The charter of the old company, and the various acts amendatory and relating thereto, as well as the act of March 6, 1876, recognize the distinction between officers and employes, and the latter act refers to the secretary as an officer in the same section which contains the proviso; and it is apparent that when certain persons are in the act designated officers, and are not expressly named in the proviso which requires the payment of sums owing "servants or employes," they are excluded from its operation. The word "employe" following "servant," is descriptive of the persons intended to to be paid, and excludes officials to whom are entrusted the management of the corporation business.

The officers of the company are its representatives, and, it may be said, are the official masters who direct and control the servants and employes. The former are appointed or elected, and are trustees, (see 21 Wall. 624;) the latter are hired, and are the subordinates of the former.

Judgment ordered for defendant.